868 F.2d 1278
 10 ITRD 2312
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MAG INSTRUMENT, INC., Appellant,
v.
The UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
Kassnar Imports, Inc.; Brinkmann Corporation; Brinkmann
International (Hong Kong), Ltd.; and J. Baxter
Brinkmann International Corporation, Intervenors.
 No. 88-1313.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1989.
Rehearing Granted March 21, 1989.
 
 Before MARKEY, Chief Judge, and RICH and EDWARD S. SMITH, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Mag Instrument, Inc. (Mag), appeals that portion of the United States International Trade Commission's (ITC) decision holding (1) claims 1-4 of United States patent No. 4,577,263 (the '263 patent) not infringed by the flashlights of Brinkmann Corporation, Brinkmann International (Hong Kong), Limited, and J. Baxter Brinkmann International Corporation (collectively Brinkmann), and (2) the '263 patent unenforceable due to inequitable conduct before the United States Patent and Trademark Office (PTO). Kassnar Imports, Inc. (Kassnar), intervenes to challenge that part of the ITC's decision finding the '263 patent infringed by Kassnar's flashlights.[1] We affirm in part, reverse in part, and remand this case to the ITC for further proceedings not inconsistent with this opinion.
 
 OPINION
 
 2
 Mag contends the ITC erred in finding that Brinkmann's flashlights did not infringe claims 1-4 of the '263 patent. For us to reverse the ITC's finding of noninfringement, Mag has the burden of showing that the finding is unsupported by substantial evidence. Tandon Corp. v. U.S. International Trade Commission, 831 F.2d 1017, 1019, 4 USPQ2d 1283, 1284 (Fed.Cir.1987). After a careful review of the entire record, and in view of the parties' arguments, we conclude that Mag has failed to carry its burden on appeal.
 
 
 3
 Mag also argues that the ITC erred in holding the '263 patent unenforceable due to inequitable conduct before the PTO. We agree with Mag that the ITC, in determining that inequitable conduct existed, committed error.
 
 
 4
 Threshold levels of materiality and intent must be proved by clear and convincing evidence before inequitable conduct may be said to exist. J.P. Stevens & Co. v. Lex Tex, Ltd., 747 F.2d 1553, 1559-60, 223 USPQ 1089, 1092 (Fed.Cir.1984), cert. denied, 474 U.S. 822 (1985). In this case, the ITC inferred intent on the grounds of what it characterized to be Mag's gross negligence. However, as this court recently stated, "a finding that particular conduct amounts to 'gross negligence' does not of itself justify an inference of intent to deceive; the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive." Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, ----, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (in banc).
 
 
 5
 After careful review of all the evidence, we conclude that Mag's conduct in failing to disclose the 1983 trade show prototype to the PTO does not rise to the level of intent to deceive. The ITC clearly erred in basing its finding of deceitful intent on conduct which it perceived to be gross negligence. Accordingly, the ITC's holding that the patent is unenforceable due to inequitable conduct was an abuse of discretion and must be reversed. Kingsdown, 863 F.2d at ----, 9 USPQ2d at 1392 (inequitable conduct is reviewed by this court under an abuse of discretion standard).
 
 
 6
 Finally, Kassnar, an intervenor in this case, argues that the ITC erred in finding that Kassnar's flashlights infringe claims 1-4 of the '263 patent.[2] We disagree. Kassnar's arguments based on the use of a socket-type lamp bulb in its flashlights instead of a bi-pin lamp bulb fail to persuade us that the ITC's finding of infringement is unsupported by substantial evidence.
 
 Costs
 
 7
 Costs on appeal are awarded to Mag.
 
 
 
 [1]
 The other issues determined by the ITC, which issues are not appealed by any of the parties, are deemed to have been finally decided
 
 
 [2]
 We decline to consider Kassnar's arguments on the issue of patent invalidity since that issue is not properly before this court. Kassnar failed to raise the patent invalidity issue in its petition for review of the administrative law judge's initial determination. 19 C.F.R. Sec. 210.54(a)(2) (1988) (any issue not raised in the petition for review of the initial determination will be deemed to have been abandoned); see Allied Corp. v. U.S. Int'l Trade Comm'n, 850 F.2d 1573, 1580, 7 USPQ2d 1303, 1308 (Fed.Cir.1988), cert. denied, 109 S.Ct. 791 (1989)